NICHOLAIDES *v* DEMETRI

DAMAGES—EXCESSIVE VERDICT—CONTRACTS—COVENANT NOT TO COMPETE.

Damages awarded by a jury in excess of the plaintiff's loss of profits, suffered because of the defendant's breach of a covenant not to complete, were excessive where recovery was limited by the instructions of the trial judge to loss of profits.

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 December 14, 1971, at Detroit. (Docket No. 9347.) Decided January 24, 1972.

Complaint by Demetrios Nicholaides against Nicholas Demetri for breach of a covenant not to compete. Verdict and judgment for plaintiff. Defendant appeals. Remanded with instructions.

*Coticchio & Yoveff* (*Walter Shapero,* of counsel), for plaintiff.

*Thomas Khederian,* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and DANHOF, JJ.

PER CURIAM. Defendant sold his share of a restaurant to the plaintiff. As a part of the sale of the business, defendant executed a covenant not to en-

REFERENCE FOR POINTS IN HEADNOTE
22 Am Jur 2d, Damages §§ 171–176.

gage in a competitive business within a certain geographical area and for a limited period of time. Plaintiff asserted, and the jury found, that defendant engaged in a competitive business. The jury awarded damages to plaintiff in the amount of $20,-534. Defendant now appeals from the denial of his motion for a new trial or, in the alternative, a remittitur.

The defendant raises numerous allegations of error. A review of the record convinces us that most of these assignments of error are either not properly preserved for appellate review or are totally lacking in merit. The sole question of merit is whether the verdict was excessive.

In this case it is clear that the jury simply mechanically accepted the amount of damages asserted by the plaintiff, and then reduced that figure to reflect the fact that the plaintiff owned only a 65% share of the business. The amount of damages claimed by the plaintiff included damages other than loss of profits, and because recovery was limited by the instructions of the trial judge to loss of profits, the verdict rendered by the jury was excessive. The plaintiff asserted that the business suffered a loss of profits totalling $16,142.72. This amount is within the scope of the testimony and it is clear that the jury found that there was this loss. When the amount of damages is reduced to reflect the plaintiff's partial ownership, it is clear that the proper verdict should have been $10,492.77. Therefore, all damages awarded in excess of this figure are excessive.

The cause is remanded to the trial court. If the plaintiff will consent to a remittitur in the amount of $10,041.23 judgment should be entered in his favor for $10,492.77. If the plaintiff will not consent to

remittitur the defendant shall have a new trial. GCR 1963, 527.6.

Interest on the adjusted judgment shall be computed from the date of the filing of the complaint. MCLA 600.6013; MSA 27A.6013.

Remanded for further proceedings consistent with this opinion. No costs, neither party having prevailed in full.